```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

|                              |   |                               |
|------------------------------|---|-------------------------------|
| JUAN M. VAZQUEZ,             : | HON. JEROME B. SIMANDLE       |
|            Plaintiff,        : | Civil No. 03-5596 (JBS/AMD)   |
|      v.                      : |                               |
|                              : | **MEMORANDUM OPINION**        |
| DEVON BROWN, et al.,         : |                               |
|            Defendants.       : |                               |

**SIMANDLE**, District Judge:

   This matter is before the Court upon Plaintiff's motion to reopen the time to file an appeal [Docket Item 96] and his motion to file a supplemental pleading [Docket Item 101], both of which are unopposed.  THIS COURT FINDS AS FOLLOWS:

   1.  Plaintiff Juan M. Vazquez, who is presently confined at Southern State Correctional Facility ("SSCF") and is proceeding pro se, filed this action on November 26, 2003 pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights.  Plaintiff's allegations and the lengthy procedural history of this case have been discussed in this Court's prior Opinions [e.g., Docket Items 72 and 93], and are reviewed herein only to the extent necessary to resolve the motions presently under consideration.

   2.  In its October 30, 2008 Opinion and Order [Docket Items 93 and 94], this Court denied Plaintiff's motion for reconsideration of its March 18, 2008 Opinion and also denied

Plaintiff's motion for a temporary restraining order and/or a preliminary injunction.[1]  With regard to Plaintiff's motion for reconsideration of the Court's earlier denial of Plaintiff's motions requesting the recusal of the undersigned and the imposition of sanctions against Defendants, the Court determined that Plaintiff failed to present "the need to correct a clear error of law or fact," Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), sufficient to justify reconsideration pursuant to Rule 7.1(i), L. Civ. R., and denied the motion.

3.  As to Plaintiff's motion for injunctive relief, the Court explained that Plaintiff primarily sought to enjoin conduct at penal institutions where he was no longer confined, which relief the Court had previously determined that Plaintiff lacked standing to pursue.[2]  The Court found that Plaintiff had, however, sought limited injunctive relief seeking to enjoin allegedly unlawful conduct at SSCF, his place of present confinement – namely, an order from this Court requiring that the

---

[1] The October 30, 2008 Opinion and Order further denied Plaintiff's motion for default judgment and his motion to strike Defendants' pleadings.

[2] As the Court emphasized in its October 30, 2008 Opinion, nothing in the Court's denial of Plaintiff's motion for injunctive relief precludes Plaintiff from pursuing his claims for monetary damages against the individual Defendants who allegedly violated his rights.

prison provide Plaintiff with certain religious objects under the conditions Plaintiff desired – but denied Plaintiff's motion for injunctive relief on account of Plaintiff's failure to demonstrate that he was likely to prevail on the merits of such claims.

4. On or about October 30, 2008, the Clerk's office attempted to mail Plaintiff a copy of the Court's Opinion and Order, but on November 5, 2008, this mail was returned to the Court as undeliverable [Docket Item 95], apparently, it was later determined, on account of the fact that the spelling of Plaintiff's last name apparently did not match SSCF's records. On January 26, 2009, the Clerk's office resent a copy of the October 30, 2008 Opinion and Order to Plaintiff, who filed a motion seeking to reopen the time to appeal on February 5, 2009 [Docket Item 96] and a motion seeking leave to file a supplemental pleading on February 26, 2009 [Docket Item 101].

5. First, the Court will grant Plaintiff's motion to reopen the time to file an appeal. Pursuant to Rule 4(a)(6), Fed. R. App. P., a district court "may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered," if three requirements are satisfied: (1) "the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or

order sought to be appealed within 21 days after entry"; (2) "the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier"; and (3) no party would be prejudiced. Fed. R. App. P. 4(a)(6).

6.  Each of these requirements is met here.[3]  First, Plaintiff did not receive notice of the Court's October 30, 2008 Order until January 27, 2009 when the Clerk's office resent a copy of the Opinion to Plaintiff.[4]  Second, as to the timeliness of Plaintiff's motion to reopen, while Plaintiff's motion did not appear on the electronic docket until February 5, 2009, Plaintiff wrote the words "DATED: February 2, 2009" at the bottom of his moving papers.  (Docket Item 96 at 1.)  The Court will thus assume that February 2, 2009 was the date Plaintiff "delivered the [pleadings] to prison authorities for forwarding to the District Court," Houston v. Lack, 487 U.S. 266, 270 (1988), meaning that the instant motion was timely filed.  See, e.g.,

---

[3]  The Court of Appeals has jurisdiction over appeals from interlocutory orders "refusing . . . injunctions," 28 U.S.C. § 1292(a)(1), meaning that this aspect of the Court's October 30, 2008 Order was appealable.

[4]  The initial mailing appears not to have been returned through any fault of Plaintiff's.  This is not a case in which, for example, Plaintiff failed to keep the Court apprised of his mailing address pursuant to Rule 10.1, L. Civ. R.

<u>Muhammad v. Department of Corrections</u>, No. 05-4999, 2008 WL 4911876, at *6 n.9 (D.N.J. Nov. 12, 2008).  Third, the Court is aware of nothing to suggest that Defendants would be prejudiced by reopening the period for Plaintiff to file an appeal, and, indeed, Plaintiff's motion is unopposed by Defendants.  The Court will thus grant Plaintiff's motion to "reopen the time to file an appeal for a period of 14 days after the date when [the accompanying Order] to reopen is entered."  Fed. R. App. P. 4(a)(6).

7.  Finally, with regard to Plaintiff's motion for leave to file a supplemental pleading [Docket Item 101], the Court, for the reasons that follow, will deny Plaintiff's motion without prejudice to refiling consistent with the following considerations.  While Plaintiff has styled this motion as one seeking leave to file a supplemental <u>pleading</u> pursuant to Rule 15(d), Fed. R. Civ. P., his brief and the documents submitted therewith make clear that Plaintiff seeks in fact to supplement the record with newly discovered <u>evidence</u> (including various letters, administrative remedy forms, and an affidavit).[5]

---

[5] A "pleading," as the Federal Rules of Civil Procedure make clear, is limited to the following:

    (1) a complaint;

    (2) an answer to a complaint;

    (3) an answer to a counterclaim designated as a counterclaim;

5

8.   This Court cannot expand the appellate record to include evidence it did not consider when deciding the injunctive Order Plaintiff now seeks to appeal.  "Appellate review is ordinarily unaffected by matters not contained in the record."  Goland v. Central Intelligence Agency, 607 F.2d 339, 370 (D.C. Cir. 1978).  The "record," as the Federal Rules of Appellate Procedure make plain, consists of "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk."  Fed. R. App. P. 10(a).  While the Rules provide that "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded," Fed. R. App. P. 10(e)(2) (emphasis added), "Rule 10(e)(2) allows amendment of the record on appeal only to correct inadvertent omissions, not to introduce new evidence."  In re Application of Adan, 437 F.3d 381, 389 n.3 (3d

---

        (4) an answer to a crossclaim;

        (5) a third-party complaint;

        (6) an answer to a third-party complaint; and

        (7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a).

Cir. 2006) (emphasis added).[6] To the extent that Plaintiff seeks to expand the record to include newly discovered evidence that was not presented to this Court, such "questions as to the . . . content of the record must be presented to the court of appeals."[7] Fed. R. App. P. 10(e)(3).

9. The Court will thus deny Plaintiff's motion for leave to expand the appellate record to include evidence which the Court had not received and thus did not consider in denying his motion for preliminary injunctive relief. See Adan, 437 F.3d at 389 n.3. To the extent Plaintiff seeks in the future to supplement his pleadings with allegations "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented," Fed. R. Civ. P. 15(d) – that is, a pleading designed to "bring the action 'up to date,'" Ruston v. General

---

[6] See also Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1165 (3d Cir. 1986) ("It is well-settled that the purpose of Rule 10(e) is not to allow a district court to add to the record on appeal matters that did not occur there in the course of proceedings leading to the judgment under review") (internal quotations and citations omitted); Hatco Corp. v. W.R. Grace & Co.-Conn., 859 F. Supp. 769, 772 (D.N.J. 1994) ("Rule 10(e) provides a mechanism for ensuring that the record reflects accurately what transpired in the district court," not to supplement the record with evidence not considered).

[7] Alternatively, whether Plaintiff could move this Court to modify its Order pursuant to Rule 60(b), Fed. R. Civ. P., in light of the evidence in question, is a matter as to which the Court expresses no opinion herein, since he has not attempted to do so.

7

Telephone Co. of the Southwest, 115 F.R.D. 330, 332 n.1 (S.D. Tex. 1987) (citation omitted) – the denial of Plaintiff's motion is without prejudice.  The accompanying Order is entered.


**June 9, 2009**                              **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                              United States District Judge