```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JUAN M. VAZQUEZ, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 03-5596 (JBS/AMD) |
| v. | |
| DEVON BROWN, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

    This matter is before the Court upon Plaintiff's motions to vacate three different orders of this court and to vacate a related August 17, 2001 summary judgment order of another court [Docket Items 106 & 109].[1]  Also before the Court is Defendant's motion for a stay pending Plaintiff's interlocutory appeal of two earlier decisions in this case [Docket Item 134].  THE COURT FINDS AS FOLLOWS:

    1.  Plaintiff Juan M. Vazquez, who is presently confined at Southern State Correctional Facility ("SSCF") and is proceeding pro se, filed the underlying action on November 26, 2003 pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights.  Plaintiff's allegations and the

---

[1]  Docket Item 106 is a motion seeking relief from this Court's June 9, 2009 judgment.  Docket Item 109 purports to be an amended version of Docket Item 106, adding several other judgments from which Plaintiff seeks relief.

procedural history of this case have been discussed in this Court's prior Opinions [e.g., Docket Items 72 & 93], and are reviewed herein only to the extent necessary to resolve the motions presently under consideration.

2. On February 26, 2009, Plaintiff filed a motion seeking leave to file a supplemental pleading [Docket Item 101]. On June 9, 2009, the Court denied Plaintiff's motion, finding that Plaintiff sought to supplement the record with newly discovered evidence (including various letters, administrative remedy forms, and an affidavit), and that the appellate record cannot be expanded to include new evidence not considered in the underlying decision. [Docket Item 103 (citing Goland v. Central Intelligence Agency, 607 F.2d 339, 370 (D.C. Cir. 1978).]

3. Plaintiff's present motion asks for the Court for relief from the June 9, 2009 decision with regard to the supplemental evidence [Docket Item 106]. The basis for Plaintiff's request is unclear.[2] Plaintiff seems to argue that the supplemental

---

[2] Plaintiff refers to Rule 60 throughout the brief, which provides in relevant part:

> The court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

2

evidence should not have been rejected because it was newly discovered, and therefore not subject to time restrictions. However, the Court's decision not to permit the expansion of the record to include evidence not considered in the initial determination was not based on the timing of the motion, but instead on its content.

    4.  Plaintiff's discussion of the effort to add supplemental evidence does not appear to seek relief from the October 30, 2008 order denying preliminary injunction based on the newly-discovered evidence.  This relief was not sought in Plaintiff's initial motion to supplement the pleadings.  And Plaintiff characterizes the current motion as seeking relief from the June 9, 2009 order, and further adds that it is made for the purposes of appellate review, not for the purpose of amending the underlying October 30, 2008 order.[3]  Ultimately, a party moving under rule 60(b) for relief from a judgment, order, or proceeding must clearly establish the grounds to the satisfaction of the

---

Fed. R. Civ. P. 60(b).

   [3] Additionally, the application of Rule 60 to an order denying a preliminary injunction is unclear, because Rule 60 permits challenges to final judgments, while a preliminary injunction is an interlocutory order.  Fed.R.Civ.P. 60(b); 28 U.S.C. § 1292(a)(1).  The Ninth and Seventh Circuits do not permit it.  Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 880 (9th 2000); Adams v. City of Chicago, 135 F.3d 1150, 1153 (7th Cir. 1998).  At least one district court in this circuit agrees.  Com. of Pa. v. Flaherty, 760 F.Supp. 472 (W.D. Pa. 1991).

district court.  See Federal Deposit Ins. Corp. v. Alker, 234 F.2d 113, 116-17 (3d Cir. 1956).  This part of Plaintiff's motion will be denied because the grounds for this aspect of Plaintiff's motion are not at all clear.

    5.  Plaintiff also seeks to vacate a summary judgment order entered against Plaintiff in a related matter by Chief Judge Garrett Brown on August 17, 2001.  Vazquez v. Burns, No. 99-cv-02589 (GEB) (D.N.J. Aug. 17, 2001).  In the decision of March 18, 2008 denying injunctive relief, this Court found that Plaintiff was unlikely to prevail on the merits of the case because he was likely to be precluded from re-asserting his claims based on Judge Brown's 2001 decision.  Plaintiff asserts that Judge Brown's decision is void pursuant to Rule 60(b)(4), Fed. R. Civ. P., because the underlying law has changed.  At most, a change in the law supporting Judge Brown's decision is an argument that this Court should not have relied on Judge Brown's decision, which would be an argument that this Court's March 18, 2008 decision was incorrect.  It does not provide a basis for declaring either decision void.  See Marshall v. Board of Ed., Bergenfield, N. J., 575 F.2d 417, 422 (3d Cir. 1978) ("[A] judgment is not void and is therefore not within the ambit of 60(b)(4) simply because it is erroneous, or is based upon precedent which is later deemed incorrect or

4

unconstitutional.").[4]  Plaintiff also asserts that Judge Brown's decision was obtained by fraud, and that it should therefore be vacated pursuant to Rule 60(b)(3), Fed. R. Civ. P.  A motion based on fraud is time-barred by Rule 60(c)(1), Fed. R. Civ. P., which sets a one-year limit on such motions.  Thus, Plaintiff's requests with respect to Judge Brown's decision will be denied.

   6.  Plaintiff's final request is for the Court to vacate the March 18, 2008 Order denying a request for sanctions, recusal, and injunctive relief, as well as the October 30, 2008 denying reconsideration of that Order.  The first basis upon which to vacate these decisions alleged by Defendant is that the Court's discussion of issue preclusion was a "surprise" entitling Plaintiff to relief under Rule 60(b)(1).  Assuming for the sake of argument that Rule 60 can be applied to such rulings, Rule 60(b)(1)'s provision for relief based on "mistake, inadvertence, surprise, or excusable neglect," does not mean that Plaintiff may be relieved from judgment when Plaintiff is surprised by the legal rationale supporting the judgment.  When a claim or defense has been properly raised by a party, the Court will sometimes rely on legal arguments or precedent not offered by the parties to resolve that claim or defense.  In so doing, the Court must weigh reaching the correct decision without undue delay against

---

   [4]  Nor does it provide a basis for relief under 60(b)(5). <u>Marshall v. Board of Ed., Bergenfield, N. J.</u>, 575 F.2d 417, 424 (3d Cir. 1978).

5

deciding an issue based on an argument that has not been well developed by the parties.  In the context of a motion for preliminary injunction, the balance is often tilted toward resolution without undue delay because of the plaintiff has alleged an imminent harm.  To the extent that Plaintiff argues that the Court incorrectly assessed whether Judge Brown's decision would be preclusive, this would not provide a basis for the Court to vacate its judgment under Rule 60.  <u>See</u> <u>Smith v. Evans</u>, 853 F.2d 155, 158 (3d Cir. 1988) (finding that legal error is not a sufficient basis to vacate a decision pursuant to Rule 60).

   7.  Plaintiff also argues with respect to the motion for reconsideration that the Court was incorrect to characterize his arguments supporting the motion as disagreements on the merits of the March 18 decision rather than as assertions of facts that were overlooked by the Court.  Even if the Court inaccurately characterized his arguments, such an error in the Court's decision on the motion for reconsideration is not a valid basis to upon which to vacate the decision pursuant to Rule 60.  <u>Id.</u>

   8.  Finally, Defendant has requested a stay pending the interlocutory appeal of this Court's decisions of March 18 and October 30, 2008.  Plaintiff has not responded to Defendant's February 5, 2010 motion for a stay pending appeal.  Acknowledging the difficulties associated with sending and receiving mail from

prison, the Court will enlarge the period in which Plaintiff may oppose the request for a stay to March 10, 2010. The Court will consider Defendant's motion at that time.

**February 24, 2010**             **s/ Jerome B. Simandle**
Date                             JEROME B. SIMANDLE
                                       United States District Judge